

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 JAN -9  AM 7: 36

LORETTA G. WHYTE
CLERK

# UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROY O. MCCLELLAND** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-8222** |
| **BURL CAIN** | **SECTION "M"(5)** |

## <u>TRANSFER ORDER</u>

Petitioner, ROY O. MCCLELLAND, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his 1976 state court conviction and sentence.  To support his challenge, petitioner asserts the following grounds for relief:

1)  Petitioner was induced to plead guilty based on a promise that he would be eligible for parole after serving 20 years of a life sentence; and

2)  The State failed to honor the plea bargain or to allow him to withdraw the guilty plea.

A review of this Court's records reflects that petitioner filed a prior petition for writ of habeas corpus related to this same conviction and sentence entitled <u>Roy McClelland v. Warden Burl Cain</u>, Civil Action 99-2012 "M."  In that petition, petitioner raised the following grounds for relief:

1)  The State failed to honor the plea agreement;

2)  His guilty plea was not knowingly, voluntarily and intelligently made;

_____ Fee_____
_____ Process_____
__X_ Dktd_____
_____ CtRmDep_____
_____ Doc. No_____

   3)      His sentence is illegal and unauthorized by statute;

   4)      His sentence is illegal because it is indeterminate with respect to his parole eligibility.

That petition was dismissed with prejudice as untimely by Judgment entered August 7, 2000.

Petitioner did not appeal that judgment.

The petition presently before the Court is considered to be a second or successive petition as described by 28 U.S.C. § 2244. In order to overcome the prohibition against the filing of a second or successive claim under that section, the petitioner must establish one of the following exceptions:

   1)      the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

   2)      (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that ROY O. MCCLELLAND's petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this _____ day of _____, 2007.

PETER BEER
UNITED STATES DISTRICT JUDGE